## MAGEE et al. *v.* ROBINS.

Where a sheriff fails to return a *fi. fa.* directed to him and put into his hands, and shows nothing which can excuse his failure to execute or to return the writ, the plaintiff in execution will be entitled to judgment against him for the amount for which the writ was issued. An allegation that the debtor was insolvent, where no surrender had been made by him, is not of itself sufficient to excuse the neglect.

APPEAL from the District Court of East Feliciana, *Johnson*, J. *Winter* and *H. A. Bullard*, for the plaintiffs. *Lawson*, for the appellant. The judgment of the court was pronounced by

KING, J. This is an action to recover from the defendant the amount of two writs of *fieri facias*, which were directed to him as sheriff, and which he failed to return within the legal delay. The defendant denies his liability, and alleges that the defendants in execution, against whom one of the writs was directed, were insolvent when it issued, and that under the other a twelve-months' bond was taken, by which the condition of the plaintiffs has been bettered. The cause was submitted to a jury, who found for the plaintiffs, and the defendant has appealed. After the appeal the defendant died, and his administrator has made himself a party to the proceedings.

The defendant admits that one of the executions went into his hands, and the evidence satisfied the jury that he received both. Neither was ever returned, and no facts are shown which excuse the failure to execute the writs, or to make due returns. The alleged insolvency of the debtors in execution, against whom one of the writs was issued, is not of itself sufficient to excuse the neglect of the sheriff. Those parties had not made a surrender, and it was incumbent on him to show diligence in the execution of the writ directed against them.

The record affords no proof of a bond having been taken under the remaining writ, other than the averment in the defendant's answer.

The judgment of the District Court is therefore affirmed with costs; reserving to the defendant the right of requiring a subrogation to the plaintiffs' rights, on making payment.